IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BARRY WILSON,                         )
                                      )
        Plaintiff,              )
                                      )
v.                                    )    Case No. CIV-16-164-RAW-KEW
                                      )
NANCY A. BERRYHILL, Acting            )
Commissioner of Social                )
Security Administration,              )
                                      )
        Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Barry Wilson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 46 years old at the time of the ALJ's decision. Claimant obtained a GED. Claimant has worked in the past as a construction laborer and cleaner. Claimant alleges an inability to work beginning September 8, 2012 due to limitations resulting from head, neck, shoulder, and knee injuries and osteoarthritis.

### Procedural History

On November 15, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et*

*seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On December 2, 2014, Administrative Law Judge ("ALJ") B. D. Crutchfield conducted an administrative hearing in Tulsa, Oklahoma.  On December 15, 2014, the ALJ issued an unfavorable decision.  On March 1, 2016, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation.  She determined that while Claimant suffered from severe impairments, he retained the RFC to perform her past relevant work.  At step five, the ALJ found Claimant could perform a full range of medium work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to incorporate her step two findings at step five; (2) failing to perform a proper analysis at step four; (3) failing to consider both severe and non-severe impairments in arriving at the RFC; and (4) reaching a decision which is not supported by substantial evidence.

### Evaluation of Impairments at Step Five

In her decision, the ALJ determined Claimant suffered from the

4

severe impairment of osteoarthritis. (Tr. 15). After consulting with a vocational expert, the ALJ concluded that Claimant retained the RFC to perform his past relevant work as a construction worker and construction cleaner. (Tr. 22). At step five, the ALJ determined Claimant could perform the full range of medium work. In so doing, the ALJ found Claimant could lift and carry 25 pounds frequently and 50 pounds occasionally and could stand and walk six hours out of an eight hour workday with normal breaks. (Tr. 18). As a result, the ALJ found Claimant was not disabled since November 15, 2012, the date the application was filed. (Tr. 22).

Claimant contends the ALJ erred by not including any limitations in the RFC for the single severe impairment identified, osteoarthritis. On January 23, 2013, Claimant was evaluated by Brandy S. Tiger, PA-C. With regard to Claimant's musculoskeletal condition, PA Tiger found he had normal range of motion, muscle strength, and stability in all extremities with no pain on inspection. His gait was normal. He suffered muscle spasms in the cervical spine with moderate pain with motion. (Tr. 356).

On October 2, 2013, Dr. J.J. Cole evaluated Claimant after undergoing arthroscopy of the right knee and partial meniscectomy. He was "doing quite well" with full range of motion without effusion or evidence of any instability. He had no pain other than a little tenderness about the anteromedial portal. He complained of cervical

pain and left shoulder pain. (Tr. 484).

On April 8, 2014, Claimant was attended by Dr. Terry M. Gile. Dr. Gile found Claimant reduced muscle strength, tenderness upon palpation of the cervical spine area, diminished skin sensation on the left hand, and a significant amount of tenderness and spasm upon palpation of the upper anterior medial borders of both trapezii musculature groups on the left more than the right. He recommended an MRI of the cervical spine before continuing to prescribe opioids. (Tr. 457).

On June 2, 2014, Claimant was evaluated by neurologist Dr. J. Wade. Claimant complained of increasing severe pain radiating into his arm as a result of cervical spinal stenosis. While the examination revealed weakness, Dr. Wade stated that Claimant's effort was "poor on examination." His reflexes were normal. (Tr. 482).

A limiting mental source statement was provided by Dr. Joe Speer, but the ALJ found Dr. Speer provided no records to support his findings. (Tr. 21, 601-04). Two medical source statements were provided by PA Tiger wherein she concluded Claimant could perform no work for three to six months. (Tr. 483, 606). This Court must agree with the ALJ that nothing in the medical record supports such a finding. Surgery was not recommended for Claimant. This Court would also note that the impairing conditions must typically of a

duration of 12 months or longer. Even under PA Tiger's assessment, Claimant's condition did not warrant such a limitation.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence. While the record supported some level of limitation, it was inconsistent as to the level of restriction such that the ALJ's

conclusions found support in the findings of the medical professionals. Claimant contends the ALJ failed to recognize the limitations of the severe impairment he found - osteoarthritis - in his RFC. The ALJ's failure to include further limitations for this condition found support in the medical assessments.

### Step Four Evaluation

Claimant contends the ALJ's step four analysis is legally flawed. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has determined that the ALJ's RFC assessment was not erroneous.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the exertional level of Claimant's past relevant work as a construction laborer. The vocational expert testified that the job was unskilled with an SVP of 2 and was generally listed in the *Dictionary of Occupational Titles* as requiring very heavy exertion. As performed by Claimant, however, the expert testified the job required medium exertion.

(Tr. 59).   He also identified Claimant's past work as a construction area cleaner which is generally listed in the *DOT* as requiring medium exertion, although Claimant reported heavy exertion as performed.  The expert stated Claimant could perform all past relevant work. (Tr. 60).  The required evaluation of this phase was performed by the ALJ.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one.  <u>Winfrey</u>, 92 F.3d at 1023.  The ALJ asked the vocational expert whether someone at Claimant's determined RFC could perform the jobs which constituted Claimant's past relevant work.  The vocational expert stated Claimant could perform the past relevant work.  (Tr. 60). Consequently, the ALJ fulfilled his obligation in the third phase. This Court finds no error in the ALJ's step four analysis.

### Consideration of Non-Severe Impairments

Claimant contends the ALJ failed to consider the effects of his non-severe impairments on his ability to engage in basic work activities.  In particular, Claimant contends the ALJ failed to adequately include his mental impairments in his RFC evaluation. The ALJ discussed Claimant's mental conditions but determined that they posed only mild limitations.  He also suggested that Claimant's

mental problems were more pronounced when he was meeting with mental health professionals as opposed to when he was evaluated by other health professionals. (Tr. 17). The ALJ adequately considered all of Claimant's impairments and provided medically supported bases for his conclusions of reduced effect upon Claimant's ability to work. Id. Substantial evidence supported his findings. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of July, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE